**UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff–Appellee,**

v.

**GEORGE W. WHITESIDES COMPANY, INC., Defendant–Appellant.**

**No. 90–5965.**

United States Court of Appeals, Sixth Circuit.

Argued April 30, 1991.

Decided May 14, 1991.

Larry Deener, Benjamin Cowgill, Jr. (argued), Landrum & Shouse, Lexington, Ky., for plaintiff-appellee.

Victor L. Baltzell, Jr. (argued), Miller, Mosley, Clare & Townes, Louisville, Ky., for defendant-appellant.

Thomas Brunner, Washington, D.C., for Ins. Environmental Litigation Ass'n (IELA), amicus curiae.

Before NELSON and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Defendant, George W. Whitesides Company, appeals the district court's grant of summary judgment to plaintiff, United States Fidelity & Guaranty Company (USF & G). In this diversity action, USF & G sought a declaration that it was not required by the terms of its liability insurance policy to defend or indemnify Whitesides as the result of any claims asserted against Whitesides by the United States or the State of Kentucky stemming from its being the generator of hazardous substances located at several Kentucky "superfund" sites. The district court concluded that the policy's pollution exclusion clause exempted the claims against Whitesides from coverage. We affirm upon the reasoning of the district court.

Whitesides operated a plant which received contaminated solvents from customers and processed them for re-use. The waste products that remained at the conclusion of the reclamation process were turned over by Whitesides to transporters for disposal. Relying upon provisions of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), Title 42, U.S.C. § 9607(a), the Resource Conservation and Recovery Act, Title 42, U.S.C. § 6973, and the Clean Water Act, Title 33, U.S.C. § 1321, the Environmental Protection Agency (EPA) identified Whitesides as a potentially responsible party for clean-up costs at the sites to which the waste was transported. When Whitesides called upon USF & G to defend and indemnify it, USF & G undertook the defense under a reservation of rights, pointing to an exclusion in its policy:

EXCLUSIONS

This insurance does not apply:

. . . .

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

CERCLA, the so-called "superfund" legislation, imposes liability for clean-up costs incurred by the federal or state government upon anyone who arranges for transportation of hazardous substances for disposal. Whitesides argued below that, because it had only delivered the toxic waste to a transporter for disposal, and had not itself released any pollutants into the environment, USF & G could not rely upon the pollution exclusion clause to deny coverage.

The district court disagreed:

Whitesides' argument that its delivery of the toxic waste to the transporter for disposal removes it from the exclusion under the terms of the policy is without foundation. The plain language of

CERCLA imposes liability on Whitesides even though it did not directly release a hazardous substance and USF & G in its policy has said unequivocally that it will not insure Whitesides against liability for property damage arising out of the release of the toxic substances.

The policy does not say that USF & G will not insure against liability for *Whitesides'* release. Rather, it says that it will not insure against liability for *the* release. Whitesides' liability to EPA arises out of the release of the substance.

. . . .

This Court finds no ambiguity in the exclusion clause and determines that USF & G is not required to defend or indemnify Whitesides in the EPA action.

We agree with the district court that the words of the exclusion clause are free from ambiguity and must be given their plain meaning. *See United States Fire Ins. Co. v. Kentucky Truck Sales,* 786 F.2d 736, 739 (6th Cir.1986), *citing Pierce v. West American Ins. Co.,* 655 S.W.2d 34 (Ky. App.1983); *Weaver v. National Fidelity Ins. Co.,* 377 S.W.2d 73 (Ky.App.1963). We are also struck by the similarity of the circumstances of this case with those found in *FL Aerospace v. Aetna Cas. & Sur. Co.,* 897 F.2d 214, 220 (6th Cir.1990), where this court found an identically worded exclusion clause to be applicable to an insured which was subjected to a claim by the EPA under CERCLA, after the insured had turned over its waste to a transporter licensed to haul and store industrial waste.

We are not in a position to entertain Whitesides' contention that it can avoid the exclusion by reliance upon the "sudden and accidental" exception to the exclusion clause. This argument was not raised by Whitesides in the district court, even though the exception was placed in issue by the motion for summary judgment.

For the reasons stated, the order of the district court is affirmed.