ESTELLE JUSSIM & another[1] vs. MASSACHUSETTS BAY
INSURANCE COMPANY.

No. 91-P-499.

Hampden. April 22, 1992. - September 1, 1992.

Present: PERRETTA, SMITH, & GREENBERG, JJ.

Further appellate review granted, 413 Mass. 1109 (1992).

*Insurance*, Homeowner's insurance, Coverage, Construction of policy, Pollution exclusion clause.

In a declaratory judgment action by insureds under a policy of homeowner's insurance against their insurer, seeking to establish coverage for loss resulting from the underground migration of heating oil that had been spilled on property abutting that of the plaintiffs, summary judgment was properly ordered for the plaintiffs notwithstanding the policy's pollution exclusion clause, where the parties agreed that the chain of causation leading to the loss had been set in operation by one or more negligent acts, which were an insured risk under the policy. [237-238]

In a declaratory judgment action by insureds against their insurer, seeking to establish coverage under a policy of homeowner's insurance, neither the "acts and decisions" exclusion nor the "faulty design" exclusion of the policy precluded coverage on the facts stipulated by the parties. [238-239]

CIVIL ACTION commenced in the Superior Court Department on January 4, 1989.

The case was heard by *William W. Simons*, J., on motions for summary judgment.

*Alan R. Miller* for the defendant.

*Charles W. Danis, Jr.*, for the plaintiffs.

SMITH, J. The plaintiffs brought an action in the Superior Court seeking a declaratory judgment that they were entitled to coverage for the loss described under their homeowner's insurance policy which had been issued by the defendant, Massachusetts Bay Insurance Company (Massachusetts

---

[1]Elizabeth M. Lindquist-Cock.

Bay). The action arose out of the migration of home heating oil onto the plaintiffs' property after the oil was negligently spilled at a neighbor's home. The insurance policy included coverage for loss or damage to property. The policy, however, excluded from coverage "loss . . . caused by . . . release, discharge or dispersal of contaminants or pollutants . . . ." Massachusetts Bay denied that its policy covered the plaintiffs' loss, relying on the "contaminants or pollutants" exclusion. The plaintiffs claimed, however, that their loss was caused by the negligence of others for which there was coverage under Massachusetts Bay's policy. Both parties moved for summary judgment. After listening to the arguments of counsel, the motion judge granted the plaintiffs' motion for summary judgment and denied Massachusetts Bay's motion. It appealed the ensuing judgment for the plaintiffs.

Prior to the hearing before the motion judge, the parties stipulated the following. The plaintiffs' residence in Granby abuts and is downgrade from a residence at 26 Cedar Drive. Number 26 was heated by oil and was originally equipped with a fuel storage tank in the basement. At some point, previous owners of the property at 26 Cedar Drive decided to remove the fuel storage tank from the basement and to install an underground storage tank in their yard.

One or more of the following events then took place: (1) the previous owners of 26 Cedar Drive either (a) negligently failed properly to remove or seal the disconnected fuel oil delivery line that led into the basement, or (b) negligently removed or altered the seal on the disconnected fuel delivery line; or (2) the current owners of 26 Cedar Drive negligently failed to direct delivery of heating oil into the correct fuel delivery line; or, (3) an oil delivery company, making a delivery for the current owners, negligently failed to determine whether the fuel delivery line into which it delivered oil was properly attached to a fuel storage tank at 26 Cedar Drive.

As a result of one or more of the above negligent acts, approximately 500 gallons of fuel oil was pumped through the disconnected fuel delivery line into the basement of the home at 26 Cedar Drive through the disconnected fuel deliv-

ery line. The oil then seeped out of the basement and migrated underground to the plaintiffs' property. It contaminated the plaintiffs' well and caused other damage to the plaintiffs' property.

In granting the plaintiffs' motion for summary judgment, the motion judge ruled that the case was controlled, in all material respects, by our decision in *Standard Elec. Supply Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.*, 1 Mass. App. Ct. 762 (1974). We agree with the motion judge. In the *Standard Elec. Supply Co.* case, the plaintiff was insured under the defendant's insurance policy against "all risks of physical loss" excluding, among other things, "loss caused by, [or] resulting from . . . water below the surface of the ground including that which . . . flows, seeps or leaks through . . . foundations, walls, basement or other floors . . . ." *Id.* at 763 & n.1. A water pipe burst in the basement of property adjacent to the plaintiff and water seeped into the plaintiff's basement. This court determined that loss from the bursting of the pipe on the adjacent property was the type of "fortuitous loss" covered by the defendant's insurance policy. The court recognized, however, that the damage to the property caused by water seeping into the basement was an excluded event under the insurance policy.

The court ruled that the plaintiff could recover for its loss, citing as basis for its ruling, "the well established principle that recovery on an insurance policy is allowed 'where the insured risk itself set into operation a chain of causation in which the last step may have been an excepted risk . . . .' " *Id.* at 765, 766, quoting from Appleman, Insurance Law and Practice, § 3083, at 311.

Here, the parties stipulated that, as a result of one or more negligent acts that occurred on the adjacent property, fuel oil seeped underground and damaged the plaintiffs' property. Massachusetts Bay's insurance policy covered losses caused by the negligence of others.[2] That covered event, like the

---

[2]Massachusetts Bay argues that the misdelivery of the fuel oil at the adjacent premises was the "release, discharge and disposal" of "contaminants" in this case and therefore, was the excluded event under the poli-

bursting pipe in *Standard Elec. Supply Co.* v. *Dedham Mut. Fire Ins. Co.*, *supra*, set in motion a chain of circumstances that resulted in the contamination of the plaintiffs' wells, a loss that constitutes an event excluded under the policy. However, where the excluded event is not the cause of the loss, but rather the *result* of a covered risk, the insured may recover. *Standard Elec. Supply Co.*, *supra* at 766. See *Bettigole* v. *American Employers Ins. Co.*, 30 Mass. App. Ct. 272, 276 (1991) (the court noted that there is no recovery where the excluded event causes the loss, but there is recovery where a covered event causes a loss in the form of an excluded event).

At the hearing on the summary judgment motions, Massachusetts Bay raised, for the first time, the claim that the plaintiffs' loss was excluded under two additional clauses, specifically (1) "[A]cts or decisions, including the failure to act or decide, of any person, group, organization or governmental body" and (2) "faulty, inadequate or defective . . . design, specifications, workmanship, repair [or] construction. . . ." The motion judge ruled that Massachusetts Bay had failed timely to assert those defenses and, therefore, had waived them. The judge entered a judgment declaring that plaintiffs have coverage under the policy. On appeal, Massachusetts Bay claims that the judge committed error and that the plaintiffs' claim is excluded under those clauses.

It is obvious from this record that Massachusetts Bay was indeed late in setting up the two additional exclusion clauses as defenses. Assuming, without deciding, that such tardiness did not amount to a waiver, we hold that the two clauses do not bar recovery.

Massachusetts Bay concedes that its insurance policy covers negligent acts that cause covered losses. It argues, however, that the "acts and decisions" clause excludes coverage where negligence causes an excluded loss, as here. The clause, as Massachusetts Bay recognizes, cannot be taken lit-

---

cy. However, that argument ignores the fact that Massachusetts Bay had stipulated that one or more negligent acts caused the release of the fuel oil. It is not disputed that negligence is a covered risk under the policy.

erally. If it were to be so taken, it would exclude coverage from all acts and decisions of any character of all persons, groups, or entities. Such an interpretation would leave the insurance policy practically worthless. "Exclusions from insurance coverage are to be strictly construed . . . [and] any ambiguities in insurance contracts are to be resolved against the insurer." *Quincy Mut. Fire Ins. Co.* v. *Abernathy*, 393 Mass. 81, 83 (1984).

Massachusetts Bay's argument that the "faulty design" clause excludes coverage is also without merit. The parties stipulated to certain negligent acts and omissions, one or more of which caused the loss. None of those stipulated acts or omissions could be construed as faulty, inadequate, or defective workmanship, design, specifications, repair, or construction.

The granting of the plaintiffs' motion for summary judgment was not error.

*Judgment affirmed.*