70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LARSEN OIL CO., an Oregon Corporation, d/b/a Red Hot Oil
Company, Plaintiff-Appellant,
v.
FEDERATED SERVICE INS. CO., Defendant-Appellee.
 No. 94-35891.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Dec. 5, 1995.
 MEMORANDUM*
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 The Oregon courts will not create an ambiguity where none exists. Mortgage Bancorporation v. New Hampshire Ins. Co., 677 P.2d 726, 728 (Or.App.1984). The pollution exclusion contains no condition or qualification; it simply does not require that the insured discharge the pollutant. Since Oregon courts have not addressed the issue, we look to well-reasoned decisions from other jurisdictions for guidance, Burns v. International Insurance Co., 929 F.2d 1422, 1424 (9th Cir.1991), and the conclusion we have reached is supported by several other circuits. See St. Paul Fire & Marine Ins. v. Warwick Dyeing, 26 F.3d 1195, 1202 (1st Cir.1994) ("The plain and unambiguous language of the pollution exclusion concerns 'property damage arising out of the discharge,' not 'its discharge' or 'the insured's discharge.' "); accord Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 120 (2nd. Cir.1990); Northern Ins. Co. v. Aardvark Associates, 942 F.2d 189, 194 (3rd Cir.1991); Park-Ohio Industries, Inc. v. Home Indem. Co., 975 F.2d 1215, 1221-22 (6th Cir.1992); USF & G v. George W. Whitesides Co., Inc., 932 F.2d 1169, 1170-71 (6th Cir.1991).
 
 
 3
 It is reasonable to assume the words "any insured or others " were omitted from exclusion f(1) intentionally. Larsen's argument to the contrary ignores both the plain language of exclusion f(1) and the distinction between exclusion f(1) and exclusion f(2). Viewing the policy as a whole, a reasonable insured would realize from the pollution exclusion endorsement's eliminating any reference to the insured that coverage had been limited and the exclusion was absolute.
 
 
 4
 There is no distinction between the indemnification and contribution sought by Carson and Columbia and the damages pled by Lynch. As a third-party defendant, Larsen's liability was premised on Lynch's damages. See F.R.C.P. 14(a). If the third-party claims were for bodily injury or property damage, as they must have been to invoke coverage, the relevant damages were those suffered by Lynch.
 
 
 5
 Fisher v. California Ins. Co., 388 P.2d 441 (Or.1964), does not support Larsen's claim that absence of other insurance indicates broad coverage was intended; nor does absence of other insurance make it reasonable to disregard the unambiguous language of the exclusion.
 
 
 6
 Larsen's "train of events" analysis, which it derives from Jussim v. Massachusetts Bay Ins. Co., 597 N.E.2d 1379 (Mass.App.1992), has been found applicable to first-party insurance, but not to commercial general liability insurance. See United States Liability Ins. Co. v. Bourbeau, 49 F.3d 786, 789-90 (1st Cir.1995). Under this analysis, only the coverage-granting provision of a general liability policy would be relevant, rendering the exclusions meaningless. Regardless of the occurrence that would have triggered coverage, the type of damage triggers the pollution exclusion.
 
 
 7
 Whatever the insurance industry's intent may have been when it first introduced pollution exclusions, it is clear that in this policy the exclusion was to be absolute.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3