[712 NYS2d 504]

In the Matter of MICHAEL FEIGENBAUM, Respondent, v GASTON SILVA, as Commissioner of the New York City Department of Buildings, et al., Appellants.

First Department, August 10, 2000

APPEARANCES OF COUNSEL

*Stuart A. Klein* of counsel, New York City (*James Plotkin* on the brief; *Klein & O'Brien, L. L. P.,* attorneys), for respondent.

*Julie Steiner* of counsel, New York City (*Barry P. Schwartz* on the brief; *Michael D. Hess, Corporation Counsel* of New York City, attorney), for appellants.

## OPINION OF THE COURT

ANDRIAS, J.

Petitioner-respondent, a licensed master plumber, was found guilty of three separately specified violations of the Department of Buildings' optional self-certification program. His self-certification privileges were suspended for six months for his failure on February 9, 1996 and June 20, 1995 to notify the Department of Buildings (DOB) and document that a complete "roughing" inspection had been successfully completed prior to self-certifying that the fixture installations he performed at two buildings in the Bronx had passed inspection. On the third violation, petitioner was fined $3,000 for enclosing an underground plumbing installation at a third building in the Bronx without first performing and passing a completed underground inspection.

The inspection and testing requirements for plumbing work are set forth in Administrative Code of the City of New York §§ 27-919 through 27-922. The Administrative Code requires two types of inspections: (1) "roughing" inspections of work that is still exposed, and (2) "finished" inspections after the plumbing fixtures, such as sinks and toilets, have been installed (Administrative Code § 27-922).

Specifically, section 27-919 requires that *"[e]very* new plumbing and gas piping system and *every* part of an existing system that has been altered, except for ordinary repair, *shall* be inspected and tested to determine compliance with code requirements" (emphasis added). Section 27-921 (a) provides, in pertinent part, that "[e]very new plumbing and gas piping system and every part of an existing system * * * *shall be tested* as hereinafter prescribed *to disclose leaks and defects"* (emphasis added).

Section 27-922 (a) (1), entitled "ROUGH PLUMBING," requires that "the piping of plumbing drainage and venting systems shall be verified as to materials and shall be tested upon completion of the rough piping installation and proven to be watertight." Paragraph (2), entitled "FINISHED PLUMBING,"

requires that "[a]fter the plumbing fixtures have been set and their traps filled with water, the entire drainage system shall be verified as to materials, and shall be tested and proven gastight."

The clear import of such regulations is that newly installed or repaired plumbing systems should be inspected and tested for water or sewer gas leaks.

Documentary evidence and the testimony of respondents' witness at the administrative hearing, plumbing inspector Frank Sgambati, established that "roughing" inspections involve an examination of the piping that is behind walls or floors and to which fixtures will be attached. "Fixture" inspections are conducted after the fixtures are installed and connected to the piping behind the walls or floors. "Underground" inspections involve the examination of exposed piping of the lowest part of the drain line that ultimately will be covered by concrete. "Finished" or "final" inspections take place when all the work is completely done, and often take place at the same time as the "fixture" inspection.

Prior to 1994, inspections were conducted only by DOB plumbing inspectors, and the holder of the plumbing permit was required to give at least two days' written notice that the work was ready for inspection (Administrative Code § 27-920).

In April 1994, effective in the Bronx in June 1994, and as subsequently revised on March 9, 1995 and January 22, 1996, DOB promulgated rules, as set forth in DOB Policy and Procedure Notice (PPN) No. 3/94, for the optional self-certification by licensed master plumbers that their work complied with the Administrative Code. Pursuant to those rules, a plumber was required to fill out a form "OP-38" at least two working days prior to the proposed self-inspection, which DOB was entitled to "spot check." Upon completion of the self-inspection, the plumber was to fill out a form "OP-39" setting forth the results of such inspection. The March 1995 revised PPN No. 3/94 states: "Inspections/tests that *are being self-certified* must parallel the inspection/test sequence made by this department, as applicable" (emphasis in original).

The Administrative Law Judge (ALJ) sustained the charges with respect to Charge 1, Specifications 3 through 5, on the ground that a second inspection after completion of roughing would have to be conducted after an inspection of incomplete roughing, citing Administrative Code § 27-922 (a) (1), which states: "the piping of plumbing drainage * * * shall be verified as to materials and shall be tested upon completion of the

rough piping installation and proven to be watertight." The ALJ also cited Administrative Code § 27-921 (c), which states: "If any plumbing system or part thereof is enclosed before it has been inspected, tested, and accepted as prescribed in this subchapter, such system or part thereof shall be uncovered upon the direction of the commissioner." Thus, the ALJ ruled that petitioner should have documented a completed roughing inspection before undertaking a fixture inspection (Specifications 3 and 4) and a completed underground inspection before seeking a final inspection (Specification 5).

In light of the fact that petitioner did not have an intention to mislead, or have anything to gain from doing so, and that his livelihood would be seriously affected by a revocation or suspension of his license, the ALJ recommended, as a lesser penalty, that petitioner's self-certification privileges be suspended for six months, to "ensure that [he] .plays by the rules and [to] remind him of the consequences if he does not."

After reviewing the ALJ's report and recommendation, the DOB Master Plumber/Fire Suppression Contractors License Board recommended to the DOB Commissioner that petitioner be fined $3,000 in addition to the six-month suspension of petitioner's self-certification privileges recommended by the ALJ.

Upon reviewing the ALJ's report and the License Board's recommendation, as well as a letter from petitioner's attorney, the DOB Commissioner adopted the findings of the ALJ, but imposed the penalty recommended by the License Board. Specifically, the Commissioner stated that the six-month suspension of self-certification privileges was imposed in connection with Specifications 3 and 4, and the $3,000 fine was imposed for Specification 5.

There is no claim by petitioner that respondents' determination was not based upon substantial evidence, his only claim being that the penalty imposed by respondents was arbitrary and capricious as found by the IAS Court. In reaching that conclusion, the court, relying upon Mr. Sgambati's testimony to the effect that DOB inspectors, when they do roughing inspections, look at a representative portion of the completed work and not every single part of the system, concluded that, under the circumstances, it was reasonable for petitioner to believe that he was in compliance with the required inspection procedure since the inspection he performed "paralleled" those of the DOB. It also found that there is no requirement in the Building Code or elsewhere which refers to an "underground"

inspection nor any requirement for an inspection at the end of the roughing work prior to doing work on fixtures. Thus, it concluded that respondents' procedures and instructions were unclear and, as conceded by the Administrative Law Judge, petitioner had no intent to mislead the agency.

However, it is well settled that "the interpretation given a statute by the agency charged with its enforcement will be respected by the courts if not irrational or unreasonable" (*Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464, 468). Unlike a situation where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices, in this case the regular trade practices in the plumbing trade and DOB's inspection procedures, the courts generally defer to the governmental agency charged with the responsibility for administration of the statute unless its interpretation is irrational or unreasonable (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459).

Petitioner's position is that, even if the Building Code requires that all roughing and underground work be completed and inspected before fixture work begins, he is being held to a higher standard than DOB's own inspectors who, according to petitioner, themselves inspect the roughing and underground work while only partially completed and then conduct a final fixture inspection without an intervening inspection of the pre-fixture, completed roughing work. However, the issue is not whether petitioner's work was defective or whether he failed to adequately inspect his work before self-certifying it. The purpose of DOB's notice and reporting requirements, i.e., the OP-38's and OP-39's, is to permit DOB to spot-check plumbers, such as petitioner, who voluntarily avail themselves of the Department's optional self-certifying privileges, and verify that the plumbing system was properly inspected and tested, in the case of rough plumbing, before it was enclosed in the walls and the fixtures attached or, in the case of underground plumbing, before it is covered by concrete. Noncompliance defeats that purpose.

Thus, given the obvious public health and safety concerns, it is not unreasonable and certainly not arbitrary and capricious to hold participating plumbers to strict compliance with DOB's concomitant notice and reporting requirements and, where there is substantial evidence of noncompliance, such as here, to suspend such self-certifying privileges and to impose an ap-

propriate monetary penalty. Nor would it be unreasonable for DOB, the agency responsible for Building Code inspections and enforcement, to impose even stricter standards on participating plumbers to whom it has partially ceded those powers through its optional self-certification program. "The question is not whether we might have imposed another or different penalty, but whether the agency charged with disciplinary responsibility reasonably acted within the scope of its powers" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 238).

Accordingly, the judgment of the Supreme Court, New York County (Emily Goodman, J.), entered April 20, 1999, which granted the petition and annulled respondents' determination, dated October 29, 1998, which found petitioner guilty of Charge 1, Specifications 3 and 4, and imposed a six-month suspension of his self-certification privileges and, upon a finding of guilt of Charge 1, Specification 5, imposed a $3,000 fine, should be reversed, on the law, without costs, the petition denied and the proceeding dismissed.

NARDELLI, J. P., TOM, MAZZARELLI and WALLACH, JJ., concur.

Judgment, Supreme Court, New York County, entered April 20, 1999, reversed, on the law, without costs, the petition denied and the proceeding dismissed.