[815 NYS2d 507]

242-44 East 77th Street, LLC, Appellant, v Greater New York Mutual Insurance Company, Respondent. (And a Third-Party Action.)

First Department, May 21, 2006

**APPEARANCES OF COUNSEL**

*Shayne, Dachs, Stanisci, Corker & Sauer,* Mineola (*Jonathan A. Dachs* and *Norman H. Dachs* of counsel), for appellant.

*Speyer & Perlberg, LLP,* New York City (*J. Gregory Carlock* of counsel), for respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

This appeal presents the question of whether coverage is afforded under a "Businessowners Special Property Coverage Form" policy issued by defendant covering "direct physical loss of or damage to Covered Property at [plaintiff's building] . . . caused by or resulting from any Covered Cause of Loss." Specifically, as is conceded for purposes of this proceeding, defective underpinning undertaken in connection with construction being carried out on the adjoining property caused plaintiff's building to settle and shift, resulting in cracking and bulging of certain interior and exterior areas. Defendant has denied coverage, prompting this lawsuit for breach of contract.

The policy, hardly a model of clarity or precision, defines the term "Covered Causes of Loss" as "Risks Of Direct Physical Loss unless the loss is: a. Excluded in Section B., Exclusions; or b. Limited in Paragraph A.4., Limitations." The limitations described in paragraph A.4. are not germane to the claim at issue. Listed under the "Section B.[ ] Exclusions" is "b. Earth Movement," described, inter alia, as "[a]ny earth movement

(other than sinkhole collapse), such as an earthquake, landslide, mine subsidence or earth sinking, rising or shifting." In its disclaimer letter, defendant denied plaintiff's claim on the basis of the earth movement exclusion. It is a fact, however, that the earth movement exclusion had been removed from the policy by the earthquake endorsement, which added "earthquake" to the covered causes of loss in paragraph A.3. and provided that "[t]he EARTH MOVEMENT EXCLUSION does not apply." Defendant also cited an exclusion for "Other Types of Loss," excepting from coverage any loss caused by "[S]ettling, cracking, shrinking or expansion." Finally, defendant relied upon the "Negligent Work" exclusion.

Plaintiff moved for partial summary judgment on liability, claiming that the damage it sustained resulted from a covered cause of loss. In support of its motion, plaintiff submitted a report from an engineer who found "[c]lear and obvious masonry and wall cracking, settlement and shifting damage . . . prevalent throughout the building," resulting from the foundation's settlement and shifting which, in turn, was caused by the adjoining owner's improper underpinning and shoring activities. The total projected repair costs were $183,200. Plaintiff also demonstrated that the defects complained of did not exist before the demolition work on the adjoining property.

Defendant cross-moved for summary judgment dismissing the complaint, referring to the policy exclusions and arguing that faulty construction, settlement and earth movement are not covered causes of loss. The policy exclusion for "Negligent Work" provided that "[w]e will not pay for loss or damage caused by or resulting from . . . [f]aulty, inadequate or defective . . . [d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . of part or all of any property on or off the described premises." This exclusion, however, contained an exception. While the policy provided that defendant would not pay for loss or damage caused by or resulting from negligent work, if such "excluded cause of loss . . . results in a Covered Cause of Loss, [defendant] will pay for the loss or damage caused by that Covered Cause of Loss." Defendant also argued, as noted, that the policy also excluded "Other Types of Loss," which included "loss or damage caused by or resulting from . . . [S]ettling, cracking, shrinking or expansion."

■■■ Supreme Court denied the motion, granted the cross motion and dismissed the complaint, finding that the negligent

work and "settling, cracking" exclusions barred recovery under the policy. The court could find no "meaningful difference" between "settling" of a building, which, it held, is excluded from coverage, and the "shifting" of a building, as described by plaintiff's engineer, which is not part of the exclusion. We reverse.

It is well settled that

> "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so "in clear and unmistakable" language. Any such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation." (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984] [citations omitted].)

Plaintiff demonstrated a prima facie case of coverage by showing, pursuant to the policy's terms, "direct physical . . . damage," i.e., the settling and shifting of its building, resulting in cracking and bulging of certain interior and exterior areas "caused by or resulting from [a] [c]overed [c]ause of [l]oss," that is, a "[r]isk[ ] of [d]irect [p]hysical [l]oss," unless the loss is excluded. To succeed in avoiding coverage, defendant must show that its interpretation of at least one of the two exclusions it asserts, "settling [and] cracking" and "[n]egligent [w]ork," is the only reasonable reading of the exclusion (*Sincoff v Liberty Mut. Fire Ins. Co.*, 11 NY2d 386, 390 [1962]) and that the exclusion applies.

■ ■ The exclusion for "Other Types of Loss" includes "[S]ettling, cracking, shrinking or expansion," "Wear and tear," "Rust, corrosion, fungus, decay, deterioration . . . or any quality in property that causes it to damage or destroy itself," "Smog," "Nesting or infestation" and loss to personal property caused by "Dampness or dryness of atmosphere" or "Changes in or extremes of temperature," all of which share a common characteristic: they are naturally occurring events. Under the principles of ejusdem generis, a rule of construction, the meaning of a word in a series of words is determined "by the company

it keeps" (*People v Illardo*, 48 NY2d 408, 416 [1979]). In accordance with that rule, "a series of specific words describing things or concepts of a particular sort are used to explain the meaning of a general one in the same series" (*Matter of Riefberg*, 58 NY2d 134, 141 [1983]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 239 [a] ["words employed in a statute are construed in connection with, and their meaning is ascertained by reference to(,) the words and phrases with which they are associated"]). Thus, the settling or shifting of a building caused by the adjoining owner's improper underpinning and shoring activities does not fall within the exclusion for damage caused by "settling, cracking, shrinking or expansion," which should be limited to damage caused by natural phenomena.

In any event, the "settling, cracking" exclusion would not apply to damage caused by the "shifting" of the premises. Contrary to the motion court's conclusion, the words "shifting" and "settling" have different and distinct meanings. The word "settle," in the context of a fixed object such as a building or structure, means "to sink gradually to a lower level: SUBSIDE" (Webster's Third New International Dictionary [1993]). In contrast, "shift" means "a change in place or position" (*id.*). Had defendant intended to exclude damage caused by "shifting," it should have said so (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 473 [2005]; *MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 341 [2004] ["If (the insurers) wanted to exclude coverage for arson they should have said so clearly, and could easily have done so, just as they listed theft and attempted theft separately"]).

■ Nor is defendant's reliance on the negligent work exclusion well taken since it is clear that the damage to plaintiff's building did not result from faulty, inadequate or defective "[d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading [or] compaction" on the part of plaintiff or its agents with respect to the described premises. Plaintiff's building was not under construction or repair. Its engineer concluded that the damage sustained was caused by "[p]oorly installed or improperly shored underpinning" to the insured building's foundation due to the adjoining owner's construction, underpinning and shoring activities. The defects in plaintiff's building did not exist prior to the demolition work performed at the adjoining property. Thus, any faulty workmanship that caused plaintiff's building to settle and shift, thereby causing its loss, had nothing to do with negligent or faulty work

performed at plaintiff's premises by plaintiff or its contractors, but rather was caused by the work of the adjoining owner's contractors in constructing the adjoining premises.

The provision extending the negligent work exclusion to construction or renovation performed to "part or all of any property on or off the described premises" does not, as defendant argues, undermine the conclusion that the negligent work exclusion does not apply to negligent work performed on adjoining property by a third party who is not the insured's agent. The additional words "off the described premises" can be construed to refer to personal property, which, subject to specific exceptions, is covered, or to other buildings located off premises but covered under the policy, such as "Completed additions," "Additions under construction" and "Materials, equipment, supplies and temporary structures, on or within 100 feet of the described premises, used for making additions, alterations or repairs to the buildings or structures." All other references to property in the policy refer to property owned by the insured or under its control. In the absence of language clearly indicating that "property" can include property owned or controlled by a third party, it is unreasonable to construe the language to include such property within the scope of the exclusion.

Where an insurance policy reasonably lends itself to two conflicting interpretations, its terms are ambiguous and must be construed in favor of the insured and against the insurer, the drafter of the policy language (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326 [1996]; *see Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 357 [1978]). This rule of construction is especially true where, as here, the language at issue appears in an exclusion limiting the insurer's exposure. "[P]olicy exclusions are given a strict and narrow construction, with any ambiguity resolved against the insurer" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]; *see Moneta Dev. Corp. v Generali Ins. Co. of Trieste & Venice*, 212 AD2d 428 [1995]).

When parties enter into an "all risk" policy, such as is involved here, covering "direct physical loss of or damage to Covered Property at the premises . . . caused by or resulting from any Covered Cause of Loss," they obviously intend to cover all losses except those specifically excluded. The negligent work exclusion, as one commentator has observed, refers only to work that the insured has contracted for inasmuch as insurers "seek to avoid insuring, or guaranteeing, the quality of the insured's contractual undertakings" (Cozen, Insuring Real Property

§ 2.04 [19] [a] [2005]). Since, as the evidence in this record shows, the damage to plaintiff's building was caused by the adjoining owner's improper underpinning and shoring activities, conduct not attributable to the insured plaintiff, the negligent work exclusion should be interpreted to give meaning to the reasonable expectations of the parties. In determining the parties' intent when making an ordinary business contract, our guide has always been "the reasonable expectation and purpose of the ordinary business [person]" (*Bird v St. Paul Fire & Mar. Ins. Co.*, 224 NY 47, 51 [1918], quoted in *Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010 [1992]).

To apply the negligent work exclusion to negligent work performed by persons other than the insured or those acting on its behalf or to work on other than the insured premises would require a strained and irrational interpretation of the exclusion. The exclusion does not refer to external forces generated by the activities of third parties that cause damage to the insured premises. The only reasonable explanation of the negligent work exclusion is that it applies to negligent work by or on behalf of the insured in planning, designing or constructing the insured building, which results in damage to the building.

While there are no reported cases in New York interpreting this exclusion, courts in other jurisdictions have addressed a similar exclusion and reached differing results (*see e.g. El Rincon Supportive Servs. Org., Inc. v First Nonprofit Mut. Ins. Co.*, 346 Ill App 3d 96, 803 NE2d 532 [2004] [exclusion applicable to damage due to excavation on adjoining property]; *Jussim v Massachusetts Bay Ins. Co.*, 33 Mass App Ct 235, 597 NE2d 1379 [1992], *affd* 415 Mass 24, 610 NE2d 954 [1993] [exclusion not applicable to oil spill on adjoining property]). *Slaby v Safeco Ins. Co.* (972 F2d 1342 [unpublished op; text at 1992 WL 207871, 1992 US App LEXIS 20618 (9th Cir 1992)]), relied upon by defendant in support of its contention that any negligent work, no matter where or by whom performed, falls within the exclusion, is an unpublished opinion, the citation of which in the Ninth Circuit is prohibited (*see Conboy v AT & T Corp.*, 241 F3d 242, 255 n 13 [2d Cir 2001] ["because the opinion is an unpublished disposition, it is not binding even in the Ninth Circuit, let alone here"]). Furthermore, it should be noted that the language in *Slaby* differs in that there the exclusion specifically applied to faulty, inadequate or defective maintenance of "property whether on or off the 'insured location' by any person or organization" (1992 WL 207871, *2, 1992 US App LEXIS 20618,

*6). In any event, to the extent *Slaby* can be read to exclude coverage for faulty, inadequate or defective work performed by a third party under the language of the negligent work exclusion at issue, we decline to follow it.

Since, under our analysis, neither of the exclusions asserted apply, plaintiff is entitled to summary judgment on liability.

Accordingly, the judgment of the Supreme Court, New York County (Helen E. Freedman, J.), entered September 20, 2005, dismissing the complaint and bringing up for review an order, same court and Justice, entered July 21, 2005, which denied plaintiff's motion for partial summary judgment on liability and granted defendant's cross motion for summary judgment dismissing the complaint, should be reversed, on the law, with costs and disbursements, the motion granted, the cross motion denied and the matter remanded for further proceedings. Appeal from the aforesaid order should be dismissed, without costs or disbursements, as subsumed in the appeal from the judgment.

TOM, J.P., FRIEDMAN, CATTERSON and MALONE, JJ., concur.

Judgment, Supreme Court, New York County, entered September 20, 2005, reversed, on the law, with costs and disbursements, plaintiff's motion for partial summary judgment on liability granted, defendant's cross motion for summary judgment dismissing the complaint denied and the matter remanded for further proceedings. Appeal from order, same court, entered July 21, 2005, dismissed, without costs or disbursements.