OPINION OF THE COURT
Per Curiam.
Order, entered on or about September 14, 2005, reversed, without costs, motion denied and warrant of eviction vacated.
In settlement of a holdover summary proceeding based upon the tenants’ alleged failure to provide landlord access to their stabilized apartment for extermination and inspection, the parties entered into a so-ordered stipulation, dated May 8, 2003, which awarded a possessory judgment to landlord. The parties agreed that the eviction would be stayed for a period of two years and the possessory judgment thereafter vacated, provided, inter alia, that tenants “not contact DHPD, DHCR and/or any other agency or forum with respect to repairs and/or conditions in the [apartment] and/or the subject building.” On or about April 25, 2005, less than two weeks prior to the expiration of the stipulation’s probationary period, landlord moved to execute on the warrant, alleging, as relevant herein, that tenants “contacted Rita Wilson of the Davidson Senior Center to complain about Petitioner’s alleged failure to serve Respondent^] with a renewal lease.”
Even putting aside the public policy concerns raised by the stipulation’s ban on tenant initiated complaints over “housing repairs and/or conditions” (compare D’Agostino v Forty-Three E. Equities Corp., 16 Misc 3d 59 [2007]), the conduct attributed to the long-term elderly tenants did not constitute a violation of the stipulation as written. Applying the principle of ejusdem generis (see 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 103-104 [2006]), we find that the senior citizen center here involved — so far as known, a private, community-based, eleemosynary organization — is not the type of “agency or forum” contemplated by the stipulation’s terms, since it is not at all like the housing-related, governmental agencies listed in the stipulation. Moreover, tenants’ conduct in voicing a complaint concerning the absence of a renewal lease — the sole violation cited by landlord in seeking tenants’ eviction — did not relate to apartment-specific or building-wide “repairs or condi *119 tions” within the meaning of the stipulation. To the extent that the hearing evidence went beyond the narrow allegations set forth in landlord’s moving papers, it does not constitute a proper basis for eviction.
Landlord’s cross appeal, not having been briefed, is deemed abandoned.
McKeon, EJ., Davis and Schoenfeld, JJ., concur.
[Next page is 126]