█ In the Matter of THE MECHANICAL CONTRACTORS ASSOCIATION OF NEW YORK, et al., Appellants, v NEW YORK CITY DEPARTMENT OF BUILDINGS, et al., Respondents, and ATLANTIC YARDS B2 OWNER, LLC, et al., Intervenors-Respondents-Respondents. [8 NYS3d 565]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 20, 2013, which denied the petition seeking to annul respondent agency's April 9, 2013 determination that the Administrative Code of the City of New York's requirements that certain plumbing and fire suppression work be performed only by, or under the direct and continuing supervision of, a licensed master plumber and licensed master fire suppression piping contractor, respectively, do not apply to off-site, factory-based assembly of modular construction units, unanimously affirmed, without costs.

The Department of Building's determination that "modular . . . assembly performed at a location other than the jobsite is not plumbing or fire suppression work as . . . defined in the Administrative Code and that those terms do not apply to work done offsite prior to its incorporation into a building or jobsite," is rationally based, is not arbitrary and capricious, and is entitled to deference (*see Matter of Feigenbaum v Silva*, 274 AD2d 132, 136-137 [1st Dept 2000]; *see also Matter of Excellus Health Plan v Serio*, 2 NY3d 166, 171 [2004]; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). A modular construction unit is not of the same kind or class as the non-inclusive list of examples of a "structure" provided for in New York City Construction Code (Administrative Code of City of NY) § 28-101.5 (*see e.g. 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100, 103-104 [1st Dept 2006]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.